IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ZACHARY ALLEN and MORGAN BUSHA, | : : : | |
| Plaintiffs, | : : | Civil Action File No. |
| vs. | : : | |
| TOP TURF, INC., | : : | |
| Defendant. | : | |

## COMPLAINT

Plaintiffs Zachary Allen ("Allen") and Morgan Busha ("Busha") (collectively "Plaintiffs") bring this Complaint against Defendant Top Turf, Inc. ("Top Turf") and shows the Court as follows:

**1.    INTRODUCTION**

1.

Top Turf operates a lawn care company in the metropolitan Atlanta area. Top Turf employed Allen and Busha as technicians from February 2020 until January 27, 2022 and from November 1, 2019 until January 26, 2022, respectively. While employed Plaintiffs often worked overtime but were not properly paid the overtime premium required by the FLSA.

(a) **Jurisdiction and Venue**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia, Atlanta Division, under 28 U.S.C. § 1391 because Top Turf is located in Lawrenceville, Georgia, within this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

(b) **The Parties**

4.

Allen resides in Cobb County, Georgia.

5.

Top Turf employed Allen as a technician in the Atlanta, Georgia area from approximately February 2020 until January 27, 2022.

6.

Busha resides in Cobb County, Georgia.

7.

Top Turf employed Busha as a technician in the Atlanta, Georgia area from approximately November 1, 2019 until January 26, 2022.

8.

During the Relevant Time Period (*i.e.* between November 2019 through January 27, 2022 when either or both Plaintiffs were employed by Top Turf), Plaintiffs have been "employees" of Top Turf within the meaning of the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

Top Turf is a domestic profit corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Top Turf was an "employer" of Plaintiffs within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

11.

Top Turf is subject to the personal jurisdiction of this Court.

12.

Top Turf may be served with process through its registered agent Dana Scott Bryan 866 Grayson Highway, Lawrenceville, Georgia 30046.

**(c) Individual Coverage**

13.

During the Relevant Time Period, Plaintiffs were "engaged in commerce" as employees of Top Turf within the meaning of the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**(d) Enterprise Coverage:**

14.

At all times during the Relevant Time Period, Top Turf was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

15.

During 2019, Top Turf had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2020, Top Turf had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2021, Top Turf had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

During 2022, Top Turf had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

During the Relevant Time Period, Plaintiffs and other employees of Top Turf handled goods which moved in interstate commerce in the furtherance of the commercial purpose of Top Turf including trucks, gasoline, engine oil, cellular phones, herbicides, and lawn maintenance chemicals.

20.

During 2019, Top Turf had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

During 2020, Top Turf had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

During 2021, Top Turf had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During 2022, Top Turf had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

During 2019, Top Turf had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

During 2020, Top Turf had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

During 2021, Top Turf had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

During 2022, Top Turf is expected to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

At all times during the Relevant Time Period, Top Turf has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

### (e) Exemptions Inapplicable

29.

At all times during the Relevant Time Period, Plaintiffs were not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

30.

At all times during the Relevant Time Period, Top Turf did not employ Plaintiffs in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

31.

At all times during the Relevant Time Period, Top Turf did not employ Plaintiffs in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

32.

At all times during the Relevant Time Period, Top Turf did not employ Plaintiffs in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

33.

At all times during the Relevant Time Period, Plaintiffs did not supervise two or more employees.

34.

At all times during the Relevant Time Period, Top Turf did not employ Plaintiffs in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

35.

At all times during the Relevant Time Period, Plaintiffs were not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)(1)).

36.

At all times during the Relevant Time Period, Plaintiffs' work for Top Turf did not involve interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

37.

At all times during the Relevant Time Period, Plaintiffs operated flatbed or box trucks in the performance of their work on behalf of Top Turf.

38.

At no time during the Relevant Time Period, did Plaintiffs travel outside of the State of Georgia in the performance of their duties for Top Turf.

39.

During the Relevant Time Period, Plaintiffs had no expectation that they would be required to leave the State of Georgia in the performance of their duties on behalf of Top Turf.

40.

During the Relevant Time Period, Plaintiffs normally serviced Top Turf's residential and commercial customers in and around Douglasville, Villa Rica, Dallas, Hiram and Mableton, Georgia.

41.

At all times during the Relevant Time Period, Plaintiffs did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

42.

At all times during the Relevant Time Period, Plaintiffs normally operated flatbed or box trucks up trucks in the performance of their duties on behalf of Top Turf and its customers.

(f) **Additional Factual Allegations**

*Allen*

43.

At all times during the Relevant Time Period, Top Turf compensated Allen on a salary basis.

44.

During approximately the first two weeks of his employment, Top Turf compensated Allen $600.00 per week, regardless of the number of hours he worked each week.

45.

At all times thereafter from approximately March 2020 through January 27, 2022, Top Turf compensated Allen $650.00 per week, regardless of the number of hours he worked each week.

46.

At all times during the Relevant Time Period, Top Turf generally scheduled Allen to work five (5) days during each work week, Monday through Friday.

47.

During the Relevant Time Period, Allen also worked on Saturdays when there was inclement weather or a holiday during the week.

48.

During the Relevant Time Period, Allen worked two (2) Saturdays during most months.

49.

During the Relevant Time Period, Allen regularly worked from 6:30 a.m. until 2:30 p.m. or later depending on his scheduled workload.

50.

During the Relevant Time Period, Allen at times worked partial days during inclement weather.

51.

During the Relevant Time Period, Allen drove approximately one (1) hour back to Top Turf's office after his last customer during each work day.

52.

During the Relevant Time Period, Allen was required to spend approximately twenty (20) to thirty (30) minutes after he returned to Top Turf's office at the end of each work day preparing for the next workday including, but not limited to, filling the truck with chemicals; cleaning the truck inside and out; and occasionally

calling customers to advise of appointments for the next day when office personnel were out for the day.

53.

During the Relevant Time Period, Allen usually worked between 42-48 hours during most work weeks when he did not work on Saturday.

54.

During the Relevant Time Period, Allen usually worked between 48-56 hours during most work weeks when he did work on Saturday.

55.

During the Relevant Time Period, Top Turf were aware of the actual number of hours Allen worked.

56.

Top Turf knew or should have known that the FLSA applied to Allen.

57.

Top Turf knew or should have known that the Maximum Hours provisions of the FLSA applied to Allen.

58.

Top Turf knew or should have known that Allen was entitled to FLSA overtime protections.

59.

Section 7 of the FLSA, 29 U.S.C. § 207, requires that Top Turf compensate Allen at a rate of one–and–one–half times his regular rate for all time worked in excess of forty (40) hours in a work week.

60.

At all times during the Relevant Time Period, Allen regularly worked more than forty (40) hours during most workweeks.

61.

At all times during the Relevant Time Period, Top Turf failed to pay Allen at one-and-one-half times this regular rate for time worked in excess of forty (40) hours in any and all workweeks.

*Busha*

62.

At all times during the Relevant Time Period, Top Turf compensated Busha on a salary basis.

63.

During the period from approximately November 1, 2019 through July 2021, Top Turf compensated Busha $650.00 per week, regardless of the number of hours he worked each week.

64.

During the period from approximately August 2021 through January 26, 2022, Top Turf compensated Busha $740.00 per week, regardless of the number of hours he worked each week.

65.

During the Relevant Time Period, Top Turf generally scheduled Busha to work five (5) days during each work week, Monday through Friday.

66.

During the Relevant Time Period, Busha also worked on Saturdays when there was inclement weather or a holiday during the week.

67.

During the Relevant Time Period, Busha worked two (2) Saturdays during most months.

68.

During the Relevant Time Period, Busha regularly worked from 6:30 a.m. until 2:00 p.m. or later depending on his scheduled workload.

69.

During the Relevant Time Period, Busha at times worked partial days during inclement weather.

70.

During the Relevant Time Period, Busha drove approximately thirty (30) minutes to one (1) hour or more back to Top Turf's office after his last customer during each work day.

71.

During the Relevant Time Period, Busha was required to spend approximately twenty (20) to thirty (30) minutes after he returned to Top Turf's office at the end of each work day preparing for the next workday including, but not limited to, filling the truck with chemicals; cleaning the truck inside and out; and occasionally calling customers to advise of appointments for the next day when office personnel were out for the day.

72.

During the Relevant Time Period, Busha usually worked between 43-45 hours during most work weeks when he did not work on Saturday.

73.

During the Relevant Time Period, Busha usually worked between 48-50 hours during most work weeks when he did work on Saturday.

74.

During the Relevant Time Period, Top Turf were aware of the actual number of hours Busha worked.

75.

Top Turf knew or should have known that the FLSA applied to Busha.

76.

Top Turf knew or should have known that the Maximum Hours provisions of the FLSA applied to Busha.

77.

Top Turf knew or should have known that Busha was entitled to FLSA overtime protections.

78.

Section 7 of the FLSA, 29 U.S.C. § 207, requires that Top Turf compensate Busha at a rate of one–and–one–half times his regular rate for all time worked in excess of forty (40) hours in a work week.

79.

At all times during the Relevant Time Period, Busha regularly worked more than forty (40) hours during most workweeks.

80.

At all times during the Relevant Time Period, Top Turf failed to pay Busha at one-and-one-half times this regular rate for time worked in excess of forty (40) hours in any and all workweeks.

2. **COUNT I - FAILURE TO PAY OVERTIME**

81.

The allegations in paragraphs 1-80 above are incorporated by reference.

82.

At all times during the Relevant Time Period, Plaintiffs were employees covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

83.

At all times during the Relevant Time Period, Plaintiffs regularly worked in Top Turf's employ in excess of forty (40) hours during each work week.

84.

During the Relevant Time Period, Top Turf failed to pay Plaintiffs at one-and-one-half times their regular rate for time worked in excess of forty (40) hours during each work week.

85.

At all times during the Relevant Time Period, Top Turf willfully failed to pay Plaintiffs at one–and–one–half times their regular rate for work in excess of forty (40) hours in any work week.

86.

Plaintiffs are entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

87.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

88.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs are entitled to their litigation costs, including their reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully pray:

1. That their claims be tried before a jury;
2. That they be awarded due but unpaid overtime compensation in an amount to be determined at trial against Top Turf, plus an additional like amount in liquidated damages;
3. That they be awarded their costs of litigation, including their reasonable attorneys' fees from Top Turf;

4. That they be awarded nominal damages; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                        ***DELONG CALDWELL BRIDGERS***
                                        ***FITZPATRICK & BENJAMIN, LLC***

101 MARIETTA STREET
SUITE 2650                                  */S/CHARLES R. BRIDGERS*
ATLANTA, GEORGIA 30303           CHARLES R. BRIDGERS
(404) 979-3150                       GA. BAR NO. 080791
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com     */S/ KEVIN D. FITZPATRICK, JR.*
kevin.fitzpatrick@dcbflegal.com    KEVIN D. FITZPATRICK, JR.
                                        GA. BAR NO. 262375

                                        **COUNSEL FOR PLAINTIFFS**